IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00299-KDB

| | |
|---|---|
| LISSA ANN FRANKS,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Defendant. | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff Lissa Ann Franks' Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 19). In this action, Plaintiff seeks judicial review of an unfavorable administrative decision denying her application for disability benefits under the Social Security Act (the "Act").

Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

# I. PROCEDURAL BACKGROUND

On August 22, 2017, Plaintiff filed an application for supplemental security income, alleging disability beginning August 22, 2017. The claim was denied initially on December 12, 2017, and upon reconsideration on March 6, 2018. (Tr. 15). Following that denial, Plaintiff filed a written request for a hearing and ALJ Charles R. Howard (the "ALJ") held a video hearing on September 20, 2019, at which Plaintiff, her attorney and a vocational expert appeared. (*Id.*). On October 18, 2019, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act. (Tr. 15-34). The Appeals Council denied review of the ALJ's decision on August 17, 2020. (Tr. 1). Plaintiff now timely seeks review of that decision in this Court pursuant to 42 U.S.C. § 405(g).

# II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Franks was disabled under the law during the relevant period.[2] At step one, the ALJ found that Ms. Franks had not engaged in substantial gainful activity ("SGA") since her alleged onset date and at step two that she had several medically determinable and severe impairments: degenerative disc disease, obesity, asthma, bipolar disorder, posttraumatic stress disorder and substance abuse disorder.

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

Case 1:20-cv-00299-KDB   Document 22   Filed 11/12/21   Page 2 of 9

At step three, the ALJ found that Plaintiff's impairments, including the substance abuse disorders, met the conditions of section 12.04 of 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 18). However, the ALJ also found that if the claimant stopped her substance abuse, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)). (Tr. 21).

The ALJ then determined that Ms. Franks, if she stopped her substance abuse, would have the residual functional capacity (RFC):

> … to perform light work as defined in 20 CFR 416.967(b) except the claimant should have no concentrated exposure to extreme heat, cold, or pulmonary irritants. The claimant remains able to understand, remember, and carry out simple instructions, maintain concentration, persistence and pace for the performance of simple tasks, and is able to adapt to gradual routine changes in a work setting. The claimant is further limited to work that requires no interaction with the public, and no more than occasional interaction with coworkers and supervisors.

(Tr. 24). The ALJ then found at step four that Plaintiff had no past relevant work, (Tr. 32), and at step five that given Plaintiff's age, limited education, work experience and RFC there are jobs that exist in significant numbers in the national economy that she could perform, including "Retail Marker," "Photo Copy Machine Operator" and "Silver Wrapper." (Tr. 33).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they

3

are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ⎯⎯ U.S. ⎯⎯, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id*. at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[3] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry,* 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

---

[3] As the Fourth Circuit recently noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty … lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' … [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean."' … To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards … but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, No. 19-1972, 2021 WL 667088, at *3 (4th Cir. Feb. 22, 2021).

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. Id. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed,

To qualify for disability insurance benefits or supplemental security income under the Act, an individual must, among other things, be under a disability. 42 U.S.C. §§ 423(a), 1381a. The term "disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant bears the burden of proof to establish disability. 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(i); 20 C.F.R. §§ 404.1512(a); 416.912(a).

Drug Addiction and Alcoholism (DAA) is material to the determination of disability if the claimant would not meet the definition of disability if she were not using drugs or alcohol. If the

5

Case 1:20-cv-00299-KDB   Document 22   Filed 11/12/21   Page 5 of 9

Commissioner finds that substance abuse is material, then the claimant is not disabled. Social Security Ruling (SSR) 13-2p, at *4, 2013 WL 621536 (S.S.A.). If the Commissioner finds material substance abuse then the steps of the sequential evaluation discussed above are applied a second time to determine whether the claimant would be disabled if he or she were not using drugs or alcohol. The claimant continues to have the burden of proving disability throughout the DAA materiality analysis. *Id.*

Many people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. *Id.* at *9. To support a finding that DAA is material, the Commissioner must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA. However, in all cases in which the Commissioner considers periods of abstinence, the claimant should be abstinent long enough to allow the acute effects of drug or alcohol use to abate.

## IV. DISCUSSION

Plaintiff makes numerous arguments that the ALJ's conclusion that she is not disabled is not supported by substantial evidence and that the ALJ failed to "build an accurate and logical bridge" from the evidence in the record to his unfavorable conclusion. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Although the Court does not reach all of Plaintiff's criticisms of the ALJ's decision and does not suggest by this remand whether or not Plaintiff should ultimately be found to have been disabled during the relevant period, at least one issue in the ALJ's opinion raises sufficient questions that the Court believes the case should be remanded so that the ALJ may reconsider his decision.

As noted above, the ALJ found that Plaintiff's substance use disorder was a contributing factor material to the determination of disability because Plaintiff would not have been disabled if

6

she stopped the substance use, thereby concluding Plaintiff was not disabled under the Act. In making this decision, the ALJ discussed at several points Plaintiff's mental capabilities, finding that Franks' limited mental ability did not undermine his determination that Plaintiff was not disabled. (Tr. 18-19, 22). However, in doing so, the ALJ appeared to improperly discount the conclusion of two psychologists who concluded that Plaintiff functioned at the borderline level of intellectual functioning. (Tr. 22, 28).

In 1993, when Franks was 14 years old, WISC-III testing established that she had a full-scale IQ of 76. (Tr. 396-97). She had relative weaknesses in long-term memory and verbal comprehension, and her teachers indicated that she was having significant problems in learning. *Id*. The school psychologist who evaluated Franks concluded that she was functioning in the borderline range of intelligence. (Tr. 399). Dr. Karen Marcus, a psychologist who evaluated Franks in 2017 when she was 38, similarly concluded, based on WAIS-IV testing, that Plaintiff had a full-scale IQ score of 77, again placing her in the borderline range of intelligence. (Tr. 474-75).

In discounting the conclusions of these psychologists, the ALJ suggested in his decision that subsidiary findings in these tests and evaluations – for example, that Plaintiff had "average processing speed" and "reading comprehension skills above expectancy" – supported his decision. (Tr. 22, 28). However, these psychologists concluded that Franks was in the borderline range of intellectual functioning *taking into account* these somewhat more optimistic findings. Therefore, the ALJ's repeated reliance on the psychologists' partial underlying findings as a counterpoint to the psychologists' overall conclusion must be carefully reconsidered. *See Arakas v. Comm'r*, 983 F.3d 83, 108 (4th Cir. 2020), *citing Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984) ("An ALJ may not substitute his own lay opinion for a medical expert's when evaluating the significance of clinical findings.").

Moreover, in a second legal error, the ALJ appeared to not fully accept the conclusion – based on the psychologists' consistent scientific testing more than twenty years apart – that Franks was in the borderline range of intellectual functioning because "other providers" – ones that did not administer any cognitive tests – thought she was of average intellect. (Tr. 22). Indeed, the ALJ found these other providers' opinions "indicative of [Franks'] abilities in this area outside of the context of her substance abuse." *Id*. However, the relevant guidance states that "[o]nly qualified specialists, MCs or PCs, and other contracted medical and psychological experts may conclude … obtained IQ scores are not an accurate reflection of the person's general intellectual functioning." POMS DI 24583.055(G) (effective 7/19/19 to present), at http://secure.ssa.gov/apps10/poms.NSF/lnx/0424583055. Accordingly, the ALJ erred in considering the opinions of providers who did not test Franks in forming his conclusions as to her relevant mental abilities.

In sum, because the ALJ failed to appropriately consider Plaintiff's limited mental abilities as reflected in expert testing, the Court finds that this action should be remanded to the Commissioner for further proceedings in accordance with this Order. In so finding, the Court does not reach any of the other issues raised by Plaintiff, which should, nevertheless, be carefully considered on remand.[4] *See Arakas*, 983 F.3d at 98 (In evaluating a disability claim, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.").

---

[4] For example, in support of his conclusion that Franks is not disabled the ALJ relies upon Franks' falling asleep during a psychological evaluation, finding that this conduct indicated that she retains "some capacity to adapt to new environments and demands that are not already part of her daily life." (Tr. 23). While such conduct may be some indication of Plaintiff's lack of anxiety during the evaluation, the ALJ's conclusion that falling asleep in that setting suggests an ability to perform steady work is puzzling to the Court.

However, again, by ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Ms. Franks's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

## V. ORDER

Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 19) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 12, 2021

Kenneth D. Bell
United States District Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).

9